
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **SHEILA DARLENE BUTLER,** Individually and as the Personal Representative of **NORMAN BUTLER**, deceased, and as Administrator of the Estate of Norman Butler, <br><br> Plaintiff, <br><br> v. <br><br> **BLUE RACER MIDSTREAM, LLC; CAIMAN ENERGY II, LLC; DOMINION RESOURCES, INC.; OHIO TRANSMISSION CORPORATION, d/b/a OTP INDUSTRIAL SOLUTIONS; TK GAS SERVICES, INC.; CNX GAS COMPANY, LLC; and DOMINION NATRIUM HOLDINGS, INC.,** <br><br> Defendants. | Case No.: 2:16-CV-347 <br><br> Judge: _____ |

## NOTICE OF REMOVAL

Defendant Dominion Natrium Holdings, Inc. (hereinafter, "Dominion Natrium"), by its undersigned attorneys, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to the United States District Court for the Southern District of Ohio, Eastern Division.  As grounds for removal, Defendant Dominion Natrium states as follows:

### I.      NATURE OF THE ACTION

1.      This is a wrongful death action brought by Plaintiff Sheila Darlene Butler, individually and as the personal representative of Norman Butler, deceased, and as the Administrator of the Estate of Norman Butler.  Plaintiff alleges that Norman Butler died as a result of the negligent and/or reckless actions of defendants.

2.      Plaintiff filed her Amended Complaint against Defendant Dominion Natrium in the Court of Common Pleas, Franklin County, Ohio, on March 21, 2016.  A copy of the

Amended Complaint is attached hereto as Exhibit A. All process, pleadings, and orders served in the state court action are attached hereto as Exhibit B.

3. Removal of this action is proper under 28 U.S.C. § 1441, *et seq*. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the action is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

4. Plaintiff is a citizen of the State of Georgia. (Amended Complaint, Exhibit A, ¶ 1.)

5. Defendant Dominion Natrium is incorporated in Delaware with its principal place of business in Virginia. Thus, for diversity purposes, Defendant Dominium Natrium is a citizen of Delaware and Virginia.

6. Defendant Blue Racer Midstream, LLC ("Blue Racer"), is a limited liability company existing under the laws of the State of Delaware with its principal place of business in Texas. Thus, for diversity purposes, Defendant Blue Racer is a citizen of Delaware and Texas.

7. Defendant Dominion Resources, Inc. ("Dominion Resources"), is incorporated in Virginia with its principal place of business in Virginia. Thus, for diversity purposes, Defendant Dominion Resources is a citizen of Virginia.

8. Defendant Caiman Energy II, LLC ("Caiman Energy"), is a limited liability company existing under the laws of the State of Delaware with its principal place of business in Texas. Thus, for diversity purposes, Defendant Caiman Energy is a citizen of Delaware and Texas.

9. Defendant Ohio Transmission Corporation, d/b/a OTP Industrial Solutions ("Ohio Transmission"), is incorporated in Ohio with its principal place of business in Ohio. Thus, for diversity purposes, Defendant Ohio Transmission is a citizen of Ohio.

10. Defendant TK Gas Services, Inc. ("TK Gas"), is incorporated in Ohio with its principal place of business in Ohio. Thus, for diversity purposes, Defendant TK Gas is a citizen of Ohio.

11. Defendant CNX Gas Company, LLC. ("CNX Gas"), is a limited liability company existing under the laws of the State of Virginia with its principal place of business in Pennsylvania. Thus, for diversity purposes, Defendant CNX Gas is a citizen of Virginia and Pennsylvania.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

12. When the plaintiff does not demand a specific amount in damages, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. To meet this burden, the defendant does not need to prove to a legal certainty that the plaintiff's damages exceed $75,000. *Firestone Financial Corp. v. Syal*, 327 F. Supp. 2d 809, 810 (N.D. Ohio 2004). In calculating the amount in controversy for diversity jurisdiction, courts can consider punitive damages. *Hampton v. Safeco Ins. Co. of America*, 614 Fed. Appx. 321, 323 (6th Cir. 2015); *Klepper v. First Am. Bank,* 916 F.2d 337, 341 (6th Cir. 1990).

13. Although Plaintiff does not specify the amount of damages in the Amended Complaint, the alleged damages sought in this case exceed $75,000 based upon the claims and facts pled in the Amended Complaint. Plaintiff's action is a wrongful death case arising from a fire that allegedly occurred while Norman Butler (the deceased) was allegedly performing tubing work on equipment. (*See* Amended Complaint, ¶¶ 23-33.) In addition to compensatory damages,

Plaintiff also seeks punitive damages. (*Id*., ¶ 38.)  Given the serious nature of the accident that allegedly resulted in Mr. Butler's death, the alleged loss of consortium, companionship and society, medical expenses, and punitive damages sought, it is apparent that the amount in controversy exceeds $75,000, exclusive of costs and interests.

**IV.     ALL OF THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

14.     The Amended Complaint was filed on March 21, 2016, adding Defendant Dominium Natrium to the action.  Defendant Dominion Natrium was served with the Amended Complaint on March 22, 2016.  The action itself was initiated January 28, 2016, with a Complaint that did not include Defendant Dominium Natrium as a defendant.  This notice is filed within one year of commencement of the state court action.  Since service on Defendant Dominium Natrium occurred less than 30 days prior to removal, notice of removal, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

15.     Written notice of the filing of this Notice of Removal is being given promptly to Plaintiff by service thereof, and a copy of the Notice of Removal is being filed promptly with the Court of Common Pleas, Franklin County, Ohio, as required by 28 U.S.C. § 1446(d).

16.     The Court of Common Pleas, Franklin County, Ohio, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

17.     There is unanimous consent amongst the defendants to this action for removal to the United States District Court for the Southern District of Ohio, Eastern Division, as evidenced by the Consents to Removal filed by the other defendants contemporaneously herewith.

Therefore, Defendant Dominion Natrium Holdings, Inc. removes this action from the Court of Common Pleas, Franklin County, Ohio, to this Honorable Court.  Defendant Dominion Natrium reserves the right to amend or supplement this Notice of Removal.

                Respectfully submitted,

                *s/ Frederic X. Shadley*
                Frederic ("Fritz") X. Shadley (0028584)
                Jason P. Conte (0071401)
                Ulmer & Berne LLP
                600 Vine Street, Suite 2800
                Cincinnati, Ohio 45202
                (513) 698-5014/fax (513) 698-5015
                (513) 698-5072/fax (513) 698-5073
                fshadley@ulmer.com
                jconte@ulmer.com
                Counsel for Defendants Blue Racer Midstream, LLC; Caiman Energy II, LLC; Dominion Resources, Inc.; Dominion Natrium Holdings, Inc.; and CNX Gas Company, LLC

<div align="center">**CERTIFICATE OF SERVICE**</div>

The foregoing document was served upon the following on this 19th day of April 2016 via email and first class mail:

Scott S. Blass
Laura P. Pollard
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
SBlass@Bordaslaw.com
LPollard@Bordaslaw.com
*Counsel for Plaintiff*

John P. Mazza
Mazza and Associates, LLC
941 Chatham Lane, Suite 201
Columbus, OH 43221
Jmazza2001@yahoo.com
*Counsel for Defendant Ohio Transmission Corporation d/b/a OTP Industrial Solutions*

Andrew M. Wargo
Marshall Dennehey Warner
COLEMAN & GOGGIN
127 Public Square, Suite 3510
Cleveland, OH 44114-1291
amwargo@mdwcg.com
*Counsel for TK Gas Services, Inc.*

*s/ Jason P. Conte*
Jason P. Conte

CIN2000 2248743v1
17999.00296